UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TENORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. HOROWITZ, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-1802 KJM KJN P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 8, 2019, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Neither party has filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . .").

/////

1

Having reviewed the file, except as discussed below, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

The magistrate judge finds that both plaintiff's administrative Appeal No. MCSP HC 15047179 and Appeal No. MCSP HC 15047222 "sought the rescheduling of plaintiff's surgery" and that "[p]laintiff sought an emergency rescheduling of plaintiff's surgery, but also sought information concerning treatment of his other health issues, such as his hernia, suggesting plaintiff was seeking additional information in order to make an informed decision whether to consent to such a radical surgery." ECF No. 56 at 17-18. The magistrate judge also finds neither appeal "specifically challenged a delay in surgery." *Id*. at 18. After review of the two administrative appeals, the court declines to adopt these findings as it does not agree with the magistrate judge's interpretation. The magistrate judge notes he "considered whether the court should liberally construe such appeals as at least challenging the delay from August 8, 2015 until October 22, 2015, when plaintiff finally received the surgery," ECF No. 56, and concluded the court should not. However, after review, this court finds the liberal construction discussed by the magistrate judge appropriate and, indeed, fully supported by the assertions in the two administrative appeals.

In Appeal No. MCSP HC 15047179, plaintiff wrote that on August 8, 2015, at a clinic he

> was notified by the nurse that I was going out for procedure. I asked if this would be a pre-surgery counseltation [sic] or right into surgery? She said the doctor would talk to me (not answering my question). I asked, besides just resectioning the 2 cm of cancer were they also going to repair the underlying cause, hiatal hernia, lower esophageal sphincter and remove the Barrett's? When I said I needed these questions addressed, the nurse immediately asked if I was refusing the surgery. I said, No, I am absolutely not refusing the surgery. That simply I need this surgery to save my life but want these questions answered to know what is happening.
>
> On August 11, 2015 I was seen by Dr. Jackson who asked why I had "refused" this surgery on Monday. When I explained what took place, and that I was not even aware of the transport on Monday, he did not seem to have any answers for me.

ECF No. 38-4 at 28, 30.

In Appeal No. MCSP HC 15047222, plaintiff claimed that on Monday, August 10, 2015, his cancer surgery "was erroneously cancelled" because staff said he had refused the surgery.

2

ECF No. 38-4 at 35. He cross-referenced Appeal No. MCSP HC 15047179 for additional details. *Id*. He then claimed he had been sent to the wrong hospital on August 20, 2015 and was again returned to Mule Creek without undergoing the surgery. *Id*. at 37. Plaintiff asserted the surgery was "urgent" and requested it be rescheduled.

The court finds both administrative appeals challenge the delays in scheduling plaintiff's surgery. The court further finds the questions raised by plaintiff, described in Appeal No. MCSP HC 15047222, were raised by plaintiff to understand the full scope of the procedures and treatment he would be receiving and not to decide whether to consent to the cancer surgery. However, the court adopts the magistrate judge's findings that plaintiff did not pursue either of these administrative appeals beyond the first level of review. *See* ECF No. 56 at 14-15. For this reason, these two administrative appeals did not exhaust plaintiff's claims concerning the delay in surgery.

Accordingly, IT IS HEREBY ORDERED that:

1. Except as modified by this order, the findings and recommendations filed July 8, 2019, are adopted in full;

2. Defendants' motion for summary judgment (ECF No. 38) is granted in part and denied in part, as follows:

    a. Defendants' motion is denied as to plaintiff's claims that Dr. Smith and Dr. Horowitz failed to timely diagnose plaintiff's cancer and improperly delayed plaintiff's surgery, and

    b. Defendants' motion is granted as to Dr. Soltanian-Zadeh based on plaintiff's failure to exhaust administrative remedies, and this claim is dismissed without prejudice;

3. Plaintiff's cross-motion for summary judgment on the merits (ECF No. 46) is dismissed without prejudice; and

4. This action is referred back to the assigned magistrate judge for all further pretrial proceedings.

DATED: September 6, 2019.

UNITED STATES DISTRICT JUDGE

3